## Case No. 8,818.

### McGUNNIGLE v. WASHINGTON.

[2 Cranch, C. C. 460.] 1

Circuit Court, District of Columbia. April Term, 1824.

WARRANT—CERTAINTY—VIOLATION OF BY-LAW.

A warrant issued by a justice of the peace for the penalty of a by-law, ought to state all the circumstances required by the by-law to constitute the offence; but the court will disregard all such defects as would be disregarded after verdict in an action of debt or information upon a penal statute.

Four judgments for $20 each were rendered by a justice of the peace against the appellant [Ann McGunnigle], with costs, upon four separate warrants.

1. The first charged that she "did suffer or permit gaming in her house on the 31st of December, 1822, or the 1st of January, 1823, contrary to the act or acts of the said mayor, &c., on that subject made and provided." The second charged that she "did between the 28th of December, 1822, and the 18th of January, 1823, sell spirituous liquor, without having obtained a license from the register, contrary to the act or acts," &c. The third charged that she "did, sometime in the last and present months, suffer gambling in her house, contrary to the act or acts," &c. The fourth charged that she "did, during the present month, sell spirituous liquors by retail without having a license therefor, contrary to the act or acts," &c.

The by-law upon which the two prosecutions for gaming were founded, was that of the 16th of August, 1809, entitled "An act to suppress gaming," by the 2d section of which, it is enacted, "That if any person or persons whatsoever, shall, after the passage of this act, permit any E. O., A. B. C., faro, rollybolly, shuffle-board, equality table, or other device, except as aforesaid," (that is, except billiard-tables,) "to be set up, kept, or played, in his, her, or their house, out-house, tavern,

1 [Reported by Hon. William Cranch, Chief Judge.]

or place appertaining thereto, he, she or they shall incur the penalty of $20 for every day or less time that the same is so kept up and maintained, to be recovered before a single magistrate, one half whereof shall go to the informer, and the other for the use of the city council." The by-law upon which the two prosecutions for selling liquor were founded, was that of the 26th of October, 1819, by the 1st section of which it is enacted, that "it shall not be lawful for any person or persons to sell or barter any brandy, rum, gin, whiskey, or other spirituous liquors, mixed or unmixed, wine, cordial, strong beer, or cider, in the city of Washington, without first obtaining a license for that purpose, as required by law, and every person who shall sell or barter as aforesaid, without first having obtained a license therefor, shall forfeit and pay a fine, for each and every offence, of $20; one half thereof for the use of this corporation, and the other half for the use of the informer; provided that nothing, herein contained, shall be so construed as to prevent the brewer, or maker of strong beer, cider, or cordial, from selling the same in quantities not less than five gallons, or to prevent any person from selling spirituous liquors, wines, cordial, strong beer, or cider, in quantities not less than ten gallons." By the 2d section, the mayor (not the register,) is authorized to issue licenses, &c.

THE COURT (THRUSTON, Circuit Judge, absent) decided that these four warrants were too vague and uncertain to support the judgments; and reversed them with costs. And the court said, that the warrant, in such cases, for a penalty of a by-law ought to state all the circumstances which are required by the by-law to constitute the offence; or, in other words, the warrant must contain the charge of an offence. But the court will disregard all such defects as would be disregarded, after verdict, in an action of debt, or information upon a penal statute.